UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUBIK'S BRAND LIMITED,

                Plaintiff,

       -against-

CUBICLE ENTERPRISES LLC d/b/a TheCubicle
and PHIL YU,

              Defendants.

Civil Action No. _____

**COMPLAINT**

Plaintiff, Rubik's Brand Limited ("Rubik's" or "Plaintiff"), by and through its attorneys, Wilson Keadjian Browndorf LLP, for its complaint against Defendants Cubicle Enterprises LLC, doing business as TheCubicle ("TheCubicle") and Phil Yu ("Yu", and together with TheCubicle, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for: infringement of Plaintiff's registered trademark under 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); dilution of Plaintiff's trademark in violation of 15 U.S.C. § 1125(c); injunctive relief and damages under 15 U.S.C. §§ 1114, 1117, 1118, 1119 and 1125; violation of Section 360-l of the New York General Business Law; and violation of the common law of the State of New York.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and this Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367(a).  The New York State law claims

asserted herein are so related to the Lanham Act claims as to form part of the same case or controversy.

3.      This Court has personal jurisdiction over Defendants because Defendants maintain an office in this district, and/or continuously and systematically conducts, transacts, and solicits business in this district; have caused injury to Plaintiff in this district; because Defendants have committed and threatens to commit trademark infringement and other torts in this district; and because the events giving rise to this Complaint occurred in this district and/or had effects in this district.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Rubik's Brand Limited ("Rubik's Brand" or "Plaintiff") is a limited liability company organized under the laws of the United Kingdom, with its principal place of business at 7 Lambton Place, London, England W11 2SH.

6.      Upon information and belief, Defendant Cubicle Enterprises LLC, doing business as TheCubicle, is a limited liability company organized under the laws of the State of New York, having its principal place of business at 8 Westchester Plaza, Elmsford, NY 10523.

7.      Upon information and belief, Defendant Yu is an individual residing in the State of New York and is the Co-Founder and Chief Executive Officer of TheCubicle.

///

**PLAINTIFF'S RUBIK'S CUBE® TRADEMARK**

8.      Plaintiff is a leading seller of toys and games, both in the United States and worldwide.

9.      Plaintiff produces the famous RUBIK'S CUBE, a 3-D combination puzzle invented in 1974 by the Hungarian professor of architecture Ernő Rubik.  Plaintiff and its predecessor-in-interest have sold upwards of 100 million RUBIK'S CUBES worldwide.  The RUBIK'S CUBE puzzle is among the best-selling puzzle games of any kind in the world.

10.      The RUBIK'S CUBE puzzle was launched in the United States in 1980 under the RUBIK'S CUBE name (the "RUBIK'S CUBE Trademark") and has been continuously sold throughout the country for the past thirty-seven (37) years.  Approximately 40 million RUBIK'S CUBE puzzles have been sold in the United States.  As a result of the extensive sales and extraordinary commercial success of Plaintiff's RUBIK'S CUBE puzzles, the RUBIK'S CUBE Trademark has become, and is, extremely well-known and is famous.

11.      Plaintiff, its predecessor-in-interest, as well as their licensees, have made substantial expenditures to advertise and promote its RUBIK'S CUBE puzzle under the RUBIK'S CUBE Trademark through various means, including on the Internet.  Attached hereto as Exhibit "1" is a screen shot of the homepage of Plaintiff's website:  https://www.rubiks.com/.

12.      As a result of Plaintiff's continuous efforts in marketing, advertising and maintaining the high quality of puzzles sold under the RUBIK'S CUBE Trademark, the RUBIK'S CUBE Trademark has come to symbolize extraordinary goodwill throughout the United States that belongs exclusively to Plaintiff and is one of Plaintiff's most valuable assets.

13.      Plaintiff is the owner of all right, title, and interest in and to the RUBIK'S CUBE Trademark for various puzzles sold in commerce throughout the United States.

14.     Plaintiff owns U.S. Trademark Registration Number 1,242,974 on the Principal Register for the RUBIK'S CUBE Trademark (the "RUBIK'S CUBE Trademark Registration") and owns all goodwill associated therewith and symbolized thereby.  The RUBIK'S CUBE Trademark Registration is in full force and effect and is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.  A copy of the RUBIK'S CUBE Trademark Registration is attached hereto as Exhibit "2-1" and Exhibit "2-2".

15.     Plaintiff's U.S. trademark registration provides constructive notice of Plaintiff's ownership of the RUBIK'S CUBE Trademark and its right to exclusive use of this mark throughout the United States pursuant of Section 7(c) of the Lanham Act, 15 U.S.C. § 1072.

## THECUBICLE'S ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

16.     Upon information and belief, Defendant TheCubicle operates an online store launched in 2011 that sells in the United States twist puzzles, and related accessories and paraphernalia, on its website at https://thecubicle.us.

17.     Upon information and belief, TheCubicle publishes promotional content for its products and services on its website and on YouTube.

18.     Upon information and belief, Defendant Yu manages media at TheCubicle and is the moving, active, conscious force behind TheCubicle's unauthorized use of the RUBIK'S CUBE Trademark.

### A.     Defendants' Infringing Web Page and Infringing Videos

19.     Upon information and belief, Defendants created videos published on its website and on YouTube that promote its twist puzzle cubes using, without the authorization or consent of Plaintiff, the RUBIK'S CUBE Trademark.

20.     Upon information and belief, TheCubicle advertises on its website puzzle cubes for sale and provides viewers with information on how to solve puzzle cubes through a web page of its website titled, "Rubik's Cube Beginner's Tutorial", at https://thecubicle.us/rubiks-cube-beginners-tutorial-a-48.html (the "Infringing Web Page").  The title of the Infringing Web Page contains TheCubicle's unauthorized use of the RUBIK'S CUBE Trademark in connection with its "Beginner's Tutorial".  In addition, the Infringing Web Page provides a tutorial in video format with a title that also infringes on RUBIK'S CUBE Trademark: "How to Solve the Rubik's Cube: An Easy Tutorial" (the "First Infringing Video").  A screen shot of the Infringing Web Page with the First Infringing Video is attached hereto as Exhibit "3".

21.     Upon information and belief, Defendant Yu conducts the puzzle tutorial and provides accompanying narration in the First Infringing Video.

22.     Upon information and belief, the twist puzzle cube used by Defendant Yu in the First Infringing Video is not a genuine Rubik's Cube puzzle, but is a puzzle sold by TheCubicle.

23.     Upon information and belief, the twist puzzle cube used by Defendant Yu in the First Infringing Video is a 3x3 "Valk 3 M" twist puzzle cube, which can be purchased through TheCubicle's website.  On the Reddit website under the username, "CubiclePhil," Defendant Yu confirmed, "[t]he [cube] in the video was made by Cubicle Labs", which is a division of TheCubicle that sells twist puzzle cubes modified by TheCubicle.  A screen shot of the Reddit conversation is attached hereto as Exhibit "4", pp. 1-2.

24.     Upon information and belief, a still image captured from the First Infringing Video shows Defendants' unauthorized use of the RUBIK'S CUBE Trademark in the video by displaying "Rubik's Cube Beginner's Tutorial."  *See* Exhibit 3, p. 1.

25.     Upon information and belief, Defendant Yu holds the "Valk 3 M" puzzle cube in the First Infringing Video and states that, "[he] will be teaching you how to solve the 3x3 Rubik's Cube using an easy method."  The Valk 3 M puzzle in the First Infringing Video is not a genuine RUBIK'S CUBE puzzle.

26.     Upon information and belief, in addition to publishing the First Infringing Video on TheCubicle's website, the Defendants published the First Infringing Video on YouTube through the TheCubicle YouTube channel at

https://www.youtube.com/channel/UCfZGUwLPuHca5ZO_crTUOlA.  A screen shot of the First Infringing Video published and hosted on YouTube is attached hereto as Exhibit "5".

27.     Upon information and belief, Defendants have published at least two other videos on its YouTube channel containing unauthorized uses of the RUBIK'S CUBE Trademark in their titles: "How to Solve the Rubik's Cube: Troubleshooting Guide" (the "Second Infringing Video") and "How to Solve the Rubik's Cube: Walkthrough Solves" (the "Third Infringing Video").

28.     Upon information and belief, Defendant Yu conducts the puzzle tutorials and provides accompanying narrations in the Second Infringing Video and Third Infringing Video.

29.     Upon information and belief, the twist puzzle cubes used by Defendant Yu in the Second Infringing Video and Third Infringing Video are not genuine RUBIK'S CUBE puzzles, but are puzzles sold by TheCubicle.  Screen shots of Defendants' unauthorized use of the RUBIK'S CUBE Trademark for the titles of the Second Infringing Video and Third Infringing Video, while Defendant Yu is holding twist puzzle cubes that are not genuine RUBIK'S CUBE puzzles, are attached hereto as Exhibit "6" and Exhibit "7", respectively.

30.     For each of the aforementioned tutorial videos, Defendants use, display, and refer to a twist puzzle cube that is not a genuine RUBIK'S CUBE, as a "Rubik's Cube".

31.     Upon information and belief, as of the filing date of this complaint, the First Infringing Video has over 6.2 million views, the Second Infringing Video has over 52,000 views and the Third Infringing Video has over 25,000 views.

## B.     Defendant TheCubicle's Infringing Pamphlet

32.     Upon information and belief, Defendant TheCubicle has created and is publishing a pamphlet on its website on how to solve twist puzzle cubes.  On the Infringing Web Page for Defendants' puzzle tutorial, titled "Rubik's Cube Beginner's Tutorial", TheCubicle provides a link to download the pamphlet.  *See* Exhibit 3, p. 2 (referenced as "PDF Version").

33.     In the pamphlet, TheCubicle uses, without the authorization or consent of Plaintiff, the RUBIK'S CUBE Trademark next to TheCubicle's logo (the "Infringing Pamphlet").  The Infringing Pamphlet is attached hereto as Exhibit "8".

34.     In the Infringing Videos and on the Infringing Web Page and Infringing Pamphlet, Defendants are using the exact mark that is the subject of Plaintiff's RUBIK'S CUBE Trademark Registration for goods that are identical to the goods listed therein and goods covered by Plaintiff's related common law trademark rights in those goods, namely, puzzles.

35.     Defendants have not received the authorization or consent from Plaintiff to use the RUBIK'S CUBE Trademark on its website or any social media platforms, or anywhere else, to promote TheCubicle puzzles and related goods and services.

36.     Upon information and belief, Defendants' use of Plaintiff's RUBIK'S CUBE Trademark is intended to mislead consumers into believing that TheCubicle's goods and services

are approved, sponsored or endorsed by Plaintiff, or that the two companies are somehow affiliated.

37.     Upon information and belief, Defendants are using the RUBIK'S CUBE Trademark as described above in an attempt to trade on the extraordinary goodwill associated with and symbolized by the RUBIK'S CUBE Trademark.

38.     Upon information and belief, TheCubicle is aware of the extraordinary and valuable goodwill symbolized by the RUBIK'S CUBE Trademark and that such goodwill belongs to Plaintiff.

39.     Defendants' unauthorized use of the federally registered RUBIK'S CUBE Trademark is likely to cause confusion, mistake, or deception as to the source, sponsorship of TheCubicle's puzzles and related goods and services, or affiliation between Defendants and Plaintiff, causing irreparable harm to Plaintiff's reputation and the goodwill which is symbolized by the RUBIK'S CUBE Trademark.

40.     Upon information and belief, Defendants have used and are using the RUBIK'S CUBE Trademark as described above to misappropriate the extraordinary goodwill symbolized by the RUBIK'S CUBE Trademark to promote its products and business to the detriment of purchasers and Plaintiff.

41.     Defendants' acts described herein have caused and are continuing to cause Plaintiff irreparable harm for which it has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT 15 U.S.C. § 1114(1)(a)

42.     The allegations set forth above in paragraphs 1 through 41 hereof are adopted and incorporated by reference as if fully set forth herein.

43.     Plaintiff is the record owner of U.S. Trademark Registration Number 1,242,974, which is valid, subsisting and incontestable.

44.     Defendants, without authorization from Plaintiff, have used and are continuing to use the RUBIK'S CUBE Trademark in connection with puzzles that are not genuine RUBIK'S CUBE puzzles.

45.     Defendants' use of the RUBIK'S CUBE Trademark in connection with puzzles that are not genuine RUBIK'S CUBE puzzles is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that TheCubicle products and services are approved, sponsored or endorsed by Plaintiff.

46.     Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

47.     Upon information and belief, Defendants' misappropriation and infringement of Plaintiff's RUBIK'S CUBE Trademark has been and is willful and intentional, and with full knowledge of Plaintiff's rights in the RUBIK'S CUBE Trademark.

48.     Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

49.     Upon information and belief, Defendants intend to continue their infringing acts, and will continue to infringe Plaintiff's registered RUBIK'S CUBE Trademark, unless restrained by this Court.

50.     Defendants' conduct have caused, and will continue to cause, irreparable harm to Plaintiff.  Plaintiff has no adequate remedy at law.

///

///

## SECOND CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)

51.     The allegations set forth above in paragraphs 1 through 50 hereof are adopted and incorporated by reference as if fully set forth herein.

52.     Defendants' use of Plaintiff's RUBIK'S CUBE Trademark in connection with the advertisement, promotion and sale of puzzles that are not genuine RUBIK'S CUBE puzzles, is intended and is likely to confuse, mislead, deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendants' puzzles and related products and services, and is likely to cause the public to believe erroneously that such products and services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with Defendants.

53.     Defendants' acts constitute false designation of origin and false misleading description and representation of fact, all in violation of 15 U.S.C. § 1125(a).

54.     Upon information and belief, Defendants' misappropriation and infringement of Plaintiff's RUBIK'S CUBE Trademark was and is willful and intentional.

55.     Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

56.     Upon information and belief, Defendants intend to continue their unlawful acts unless restrained by this Court.

57.     Defendants' conduct have caused, and will continue to cause, irreparable harm to Plaintiff.  Plaintiff has no adequate remedy at law.

///

///

### THIRD CLAIM FOR RELIEF

### TRADEMARK DILUTION UNDLER LANHAM ACT 15 U.S.C. § 1125(c)

58.     The allegations set forth above in paragraphs 1 through 57 hereof are adopted and incorporated by reference as if fully set forth herein.

59.     Plaintiff is the exclusive owner of the RUBIK'S CUBE Trademark in the United States.

60.     Plaintiff's RUBIK'S CUBE Trademark is distinctive and has been used for many years and has achieved enormous and widespread public recognition.

61.     Plaintiff's RUBIK'S CUBE Trademark is famous within the meaning of 15 U.S.C. § 1125(c).

62.     Defendants' use of the RUBIK'S CUBE Trademark in connection with the advertisement, promotion, distribution, and sale of puzzles that are not genuine RUBIK'S CUBE puzzles, without authorization from Plaintiff, is likely to dilute the distinctive quality of the mark and decrease the capacity of the mark to identify and distinguish Plaintiff's products.

63.     Defendants have intentionally and willfully diluted and continue to dilute the distinctive quality of Plaintiff's RUBIK'S CUBE Trademark in violation of 15 U.S.C. § 1125(c).

64.     Upon information and belief, by its acts, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

65.     Upon information and belief, Defendants intend to and will continue to dilute Plaintiff's mark, unless restrained by this Court.

66.     Defendants' conduct have caused, and will continue to cause, irreparable harm to Plaintiff.  Plaintiff has no adequate remedy at law.

///

## FOURTH CLAIM FOR RELIEF

## UNFAIR BUSINESS PRACTICE UNDER N.Y. GEN. BUS. LAW § 360-1

67.     The allegations set forth above in paragraphs 1 through 66 hereof are adopted and incorporated by reference as if fully set forth herein.

68.     Plaintiff's RUBIK'S CUBE Trademark is distinctive and has acquired secondary meaning in the marketplace, and is owned by Plaintiff.

69.     Defendants' acts are likely to dilute, have diluted, and, unless enjoined by this Court, will continue to dilute the distinctive quality of Plaintiff's Mark.

70.     As a direct and proximate result of Defendants' willful and wonton acts and conduct, Plaintiff's reputation and goodwill have been damaged.

71.     Defendants' acts and conduct have caused irreparable harm to Plaintiff and to Plaintiff's reputation and goodwill, and will continue to do so unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## COMMON LAW TRADEMARK INFRINGEMENT

72.     The allegations set forth above in paragraphs 1 through 71 hereof are adopted and incorporated by reference as if fully set forth herein.

73.     Defendants' activities constitute trademark infringement under the common law of the State of New York.

74.     Defendants' use of Plaintiff's RUBIK'S CUBE Trademark, unless restrained by this Court, will lead the public to believe that there is a connection or association between Defendants and Plaintiff, when in fact, there is none.

75.     Defendants' acts and conduct have caused irreparable harm to Plaintiff and to Plaintiff's reputation and goodwill, and will continue to do so unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants as follows:

A.      That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with it be enjoined and restrained from:

(a)     using the RUBIK'S CUBE Trademark in connection with any goods or the rendering of any services not authorized by Plaintiff;

(b)     engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or weaken the distinctive quality of the RUBIK'S CUBE Trademark;

(c)     using a false description or representation falsely describing or representing TheCubicle's goods or services as being manufactured or sold by Plaintiff or sponsored by or associated with Plaintiff;

(d)     further infringing the RUBIK'S CUBE Trademark by marketing, advertising, and/or promoting its good or services with this Mark;

(e)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that Defendants' goods and services are in any way associated or affiliated with Plaintiff;

(f)     engaging in any conduct constituting an infringement of Plaintiff's RUBIK'S CUBE Trademark, or Plaintiff's rights in, or to use or to exploit said Mark, or constituting any weakening of Plaintiff's reputation or goodwill;

(g)     using or continuing to use RUBIK'S CUBE Trademark or any variation thereof on the Internet (either in the text of a website, or in connection with any goods or services not directly authorized by, Plaintiff); and

    (h)    effecting assignments or transfers, forming new entities or associations or utilizing any other platform for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (j).

B.    Directing that Defendants, within thirty (30) days of Judgment, file and serve Plaintiff with a sworn statement setting forth in detail the manner in which Defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

C.    Ordering Defendants to remove all uses of the RUBIK'S CUBE Trademark, including from its website, social media platforms, pamphlets, and all advertisements, promotional and marketing materials.

D.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impress that Defendants' good and services are authorized by Plaintiff or related in any way to Plaintiff's products.

E.    Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts.

F.    Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

G.    Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

H.    Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(c).

I.    Ordering that Plaintiff recover the costs of this action, together with reasonable attorneys and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

J.    Ordering that, pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Plaintiff.

K.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification

of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

L.     Awarding to Plaintiff such other and further relief as the Court may deem just and proper.


Dated: New York, New York          Respectfully submitted,
       February 26, 2018

                                   **WILSON KEADJIAN BROWNDORF LLP**

                                   By:      *s/ Darren W. Saunders*_____
                                            Darren W. Saunders
                                            Mark I. Peroff
                                            114 West 47th Street, 18th Floor
                                            New York, New York 10036
                                            (646) 783-3653 telephone
                                            DSaunders@wkbllp.com
                                            Mark.Peroff@wkbllp.com

                                            *Attorneys for Plaintiff*
                                            Rubik's Brand Limited